UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL B. HOFLAND, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | ) 1:12-mc-00092-MJK |
| | ) |
| JOSEPH PONTE, | ) |
| | ) |
|    Defendant | ) |

**RECOMMENDED DECISION**

On May 4, 2012, Hofland, a Maine state prisoner serving a lengthy sentence at the Maine State Prison, filed a four-page document captioned "Petition for Restraining Order, Injunctive Relief, and Writ of Mandamus." (ECF No. 1.) The petition names as defendants Joseph Ponte, the Commissioner of the Maine Department of Corrections, and Patricia Barnhart, the Warden of the Maine State Prison. In his petition Hofland describes the events of April 27, 2012, when, according to him, he "was seized in his locked cell" by two corrections officers based on "false allegations that Hofland had threatened the prison's librarian earlier that day." (Id. at 1.) According to Hofland the officers told him he was under arrest and marched down the hall to the special management unit where he was "violently assaulted by the group of about 8 officers." (Id.) Hofland describes his injuries as follows:

> [O]ther than pressure marks from the cuffs was two tiny puncture wounds, neither bleeding . . . no bruising occurred at any time, but the area around those punctures puffed up with cherry red inflammation by late evening, but totally disappeared by noon the next day. The two 'snakebite' punctures, however, now inflamed, and would crust up with scabs 2-3mm in diameter, still remaining on May 2 . . . evidence suggests the hand was injected with foreign blood.

(Id.)

On the second page of his petition Hofland explains his dispute with the prison librarian. He also complains about the prison grievance process and the fact that inmates are sometimes relocated if they file grievances or lawsuits. On the third page of his petition Hofland complains about how the prison officials have impaired his ongoing litigation in state and federal courts. On the final page, after reserving his damages claims for future litigation, Hofland asks for injunctive relief in the form of a temporary restraining order preventing his transfer out of the prison without his express written consent, an injunction preventing the Department of Corrections from violating any obligations or rights that inmates have related to 42 U.S.C. §§ 1997e, 1997d, and a writ of mandamus to require the United States Department of Justice and the FBI to do a thorough investigation of these prison abuses.

On May 21, 2012, Hofland filed a supplement to his petition, complaining about the fact that he had not yet had a hearing regarding his "arrest" on April 27, 2012.  (ECF No. 5.)  He also objects that a criminal investigator has been assigned to investigate the facts surrounding the April 27 events.  His third complaint is that Commissioner Ponte has barred him from filing grievances.  Again on June 7, 2012, Hofland filed more supplemental materials about the outcome of his prison disciplinary proceedings and the alleged "kidnapping" by prison officials because he was forcefully moved to a different cell block.  (ECF No. 13.)  He does complain about medical care, and I quote:  "The medical provider, Sue Fera, has refused to do tests to confirm Hofland's <u>negative</u> status for HIV and Hepatitis C on April 27, 2012."  (<u>Id.</u> at 3 (emphasis in the original).)  I have no idea how this could possibly be related to imminent risk of serious physical harm and I do not believe that it is so related.  None of these supplemental allegations pertain to the two puncture wounds or any serious physical injury, although Hofland references ongoing harassment and intimidation.

Hofland's initial submissions face three hurdles before they can even be docketed as an open civil case in this court.  First, Hofland is subject to filing restrictions by the terms of the January 18, 2012, Order of Chief Judge Woodcock, whether Hofland sought leave to proceed in forma pauperis or not.  Hofland v. LaHaye, 1:09-cv-00172-JAW, ECF No. 103.  Second, Hofland's petition was accompanied by neither the $350.00 filing fee nor a properly completed application to proceed in forma pauperis.  Third, if a proper application to proceed in forma pauperis were supplied by Hofland, the case would first be screened under 28 U.S.C. § 1915(g) to determine whether, in light of his prior filings in this Court, the District of New Hampshire, and the First Circuit Court of Appeals, Hofland remains eligible to proceed in forma pauperis in light of the statutory provision barring such actions when a prisoner such as Hofland has had three or more actions or appeals found to be frivolous.

Following some initial skirmishes over his compliance with the terms of Chief Judge Woodcock's Order regarding the necessity for submitting a motion for leave to file, and a further contretemps over Hofland's failure to properly complete an application to proceed in forma pauperis, Hofland did file the motion for leave to file a case on May 17, 2012, and he did submit the necessary forms and applications to proceed in forma pauperis on June 4, 2012.  The matter is now in order for review by the Court.  As the magistrate judge to whom this matter has been referred, I now recommend that the Court deny Hofland leave to proceed in forma pauperis.  I would further recommend that in the event Hofland pays the $350.00 filing fee, this Court should summarily dismiss this action because it is frivolous and fails to state a claim.  In other words, its entry onto the civil docket under the Order regarding filing restrictions should be prohibited even if the filing fee is paid.  However, my current recommendation rests solely on the provisions of 28 U.S.C. § 1915(g) and gives Hofland the opportunity to pay the filing fee within 14 days of

this recommendation before the matter is further screened under the specific provisions of Chief Judge Woodcock's Order prohibiting further filings absent review by a judicial officer of this court.

### DISCUSSION

Hofland has requested that this court allow him to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. That statute includes the "three strikes" provision of 28 U.S.C. § 1915(g) which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On three or more prior occasions during his incarceration Hofland has had non-habeas civil actions dismissed as frivolous or for failing to state a claim. The cases are Hofland v. Governor, Me. et al, 1:09-cv-00162-JAW, ECF No. 43 (USCA Judgment); Hofland v. Glenn Ross et al, 1:09-cv-00173-JAW, ECF No. 52 (USCA Judgment); Hofland v. Thompson et al, 1:09-cv-00174-JAW, filed May 4, 2009, judgment of dismissal based on failure to state a claim entered by the district court on December 17, 2009, summarily affirmed by court of appeals, February 3, 2011; Hofland v. Perkins et al, 1:09-cv-00201-JAW, ECF No. 83 (USCA Judgment); Hofland v. Westrum et al, 1:09-cv-00218-JAW, ECF No. 37 (USCA Judgment); and, finally, Hofland v. Cyr, 1:09-cv-00398-JD (D. N.H.) in which judgment entered for defendants. Apropos the New Hampshire action, the First Circuit Court of Appeals denied Hofland's appeal on February 4, 2011, noting "that this is the sixth appeal that Hofland has recently pursued, each of which has been summarily affirmed. In light of this prior litigation, we warn Hofland that any future frivolous appeal may be subject to sanctions." Hofland v. Cyr, 10-1880 (1st Cir. Feb. 4, 2011).

Because Hofland has significantly more than three strikes, he is not eligible to file any federal civil action without paying the full filing fee at the time of filing the action, absent a showing that he is at risk of imminent serious harm.

In order to invoke the imminent danger exception of the three-strikes rule, two elements must be met: the harm must be imminent and the claim for relief asserted must be for the alleviation of that threat of harm. See, e.g., Judd v. Federal Election Com'n, 311 Fed. Appx. 730 (5th Cir.2009) (rejecting prisoner's in forma pauperis application noting that the alleged threats were not related to his complaint); Polanco v. Hopkins, 510 F.3d 152, 155 (2d Cir.2007) (finding no error by the district court in determining prisoner's allegations (relating to health risks associated with his exposure to mold or as to his claim of unjust discipline) did not support a determination that he was in imminent danger under 1915(g)); Martin v. Crosby, 219 Fed. Appx. 599 (8th Cir.2007) (unpublished disposition; allegation by prisoner of risk of sexual assaults and unwarranted strip searches were baseless, and district court was alerted by the appellate court to require prisoner to demonstrate that he "is truly in imminent danger" before being allowed to proceed in forma pauperis); Abdul–Akbar v. McKelvie, 239 F.3d 307, 313, 315 (3d Cir.2001) (holding prisoner may invoke the imminent danger exception to 1915(g) only to seek relief from a danger which is imminent at the time the complaint is filed; stating "Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms"); Watley v. Collins, 2006 WL 3422996, *5 (S.D. Ohio 2006) (danger claims concerning past events cannot support a claim of imminent physical danger; the imminent danger must relate to the claims in order to meet the exception of § 1915(g), citing Abdul–Akbar v.

5

McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (statutory interpretation of § 1915(g) requires that imminent danger is assessed at time the complaint is filed)).[1]

Applying this standard to Hofland's petition, it is apparent that his pleading satisfies neither prong. His allegations contain no suggestion of serious physical harm. Nor is the relief sought associated with alleviating a specific threat of imminent serious physical harm. Hofland may feel intimidated and harassed and may believe that his due process rights are being violated, but the physical injury he describes does not meet the threshold requirement of serious physical harm. His further conclusory allegations do not support the conclusion that any serious threat to his physical wellbeing is imminent.

## CONCLUSION

Based on the foregoing, I recommend that the motion to proceed in forma pauperis should be denied pursuant to the statutory mandate and that Hofland should be given fourteen days in which to pay the filing fee. In the event the fee remains unpaid, the matter should be dismissed from the miscellaneous docket pursuant 28 U.S.C. § 1915(g). In the event the filing fee is paid, the Court should review the complaint under the existing Order of the Chief Judge and make a discretionary judicial determination as to whether the pleading should be allowed to be entered on the civil docket.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[1] String cite collected from Davis v. Middlesex Superior Court, 1:11-cv-10276-NG, 2011 WL 901805 (D. Mass. 2011), and Crooker v. United States, 1:11-cv-10495-RWZ, 2011 WL 1375613 (D. Mass. 2011).

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 8, 2012                              /s/ Margaret J. Kravchuk
                                                U.S. Magistrate Judge