UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL B. HOFLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12-mc-00092-JAW |
| | ) | |
| JOSEPH PONTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

By his relentless filings, Randall B. Hofland has a knack for creating procedural conundrums. This is one of them. On September 17, 2012, Mr. Hofland appealed to the First Circuit Court of Appeals this Court's Order denying his motion to proceed in forma pauperis. *Notice of Appeal* (ECF No. 29). Under *Roberts v. United States*, 339 U.S. 844, 845 (1950), a district court's denial of a motion to proceed in forma pauperis is appealable. *Id.* at *Diaz-Ojeda v. Toledo*, No. 95-1044, 1995 U.S. App. LEXIS 12206, *2 (1st Cir. May 22, 1995). This much is clear.

With his notice of appeal, however, Mr. Hofland moved for leave to proceed in forma pauperis on appeal. *Mot. to Proceed In Forma Pauperis* (ECF No. 30). It would seem an exercise in futility to require the person appealing a district court's denial of his petition for in forma pauperis status to return to the same judge who denied the petition to obtain approval for in forma pauperis status on appeal. Yet, under the Rules of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."

FED. R. APP. P. 24(a)(1); *see Smith v. Johnson,* 109 F.2d 152 (9th Cir. 1940). The Rule provides that in addition to the petition for in forma pauperis status on appeal, the appellant must file an affidavit that details his inability to pay or give security for costs, that claims an entitlement to redress, and that states the issues the party intends to present on appeal. FED. R. APP. P. 24(a)(A)-(C). If the district court grants the motion, the appellant simply proceeds in forma pauperis without prepaying or giving security for fees and costs, unless a statute provides otherwise. FED. R. APP. P. 24(2). If the district court denies the application, notice is given to both the parties and the court of appeals and the party is required to file a motion to proceed on appeal in forma pauperis in the court of appeals within thirty days after service of the notice. FED. R. APP. P. 24(4), (5).

This procedure reflects an effort to comply with the authorizing statute, 28 U.S.C. § 1915(a), and certainly it makes sense to return initially to the district court for in forma pauperis approval where the proposed issue on appeal is other than whether an in forma pauperis motion should have been approved in the first place. But where the issue on appeal is identical to the issue the appellant is seeking to revisit at district court, Rule 24's procedure generates a bit of tail chasing.

In any event, pursuant to Federal Appellate Rule 24, the Court DENIES Randall B. Hofland's Motion for Leave to File In Forma Pauperis (ECF No. 30). First, Mr. Hofland has failed to comply with the affidavit requirement of Rule 24. *Lister v. Dep't of Treas.*, 408 F.3d 1309, 1313 (10th Cir. 2005). Second, Mr. Hofland

2

has failed to demonstrate facts that would entitle him to in forma pauperis status on appeal.

     SO ORDERED.

               /s/ John A. Woodcock, Jr.
               JOHN A. WOODCOCK, JR.
               CHIEF UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2012